**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAW FABRICATION, LLC,**

    **Plaintiff,**

v.                                                           Case No.  8:05-cv-638-T-30EAJ

**LOCAL 15 OF THE SHEET METAL**
**WORKERS INTERNATIONAL**
**ASSOCIATION BOARD OF TRUSTEES,**
**AFL-CIO, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Local 15 of the Sheet Metal Workers International Association, AFL-CIO's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 17) and Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 26).  The Court also considered Local 15's Motion for an Award of Fees and Costs and Enlargement of Time to File Affidavits and Other Documents in Support of its Request (Dkt. # 31), Plaintiff's Response to Defendant's, Local 15, Motion for an Award of Fees and Costs with Incorporated Memorandum of Law (Dkt. # 37), and Defendant's Reply to Plaintiff's Opposition to Pending Application for Attorney's Fees (Dkt. # 44). The Court, having considered the motions and memoranda, and being otherwise fully advised, finds that the motions should be granted and this case dismissed for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Law Fabrication, LLC ("Law Fabrication") is a sheet metal fabrication company located in St. Petersburg, Florida. On May 1, 2001, Law Fabrication entered into a collective bargaining agreement ("CBA") with Local Union # 15 of the Sheet Metal Workers' International Association, AFL-CIO ("Local 15"). The relevant portions of the CBA state as follows:

**Collective Bargaining Agreement Between Sheet Metal Workers' International Association, Local Union # 15 and LAW Fabrication, Inc.**

**Effective Date & Duration**

**Section 1**. This Agreement and Addendum attached hereto shall become effective on the first day of May 2001, and remain in full force and effect until the last day of June 30, 2004 and shall continue in force from year to year thereafter unless written notice of termination is given not less than ninety (90) days prior to the expiration date. In the even such notice of termination is served, this Agreement shall continue in force and effect until an impasse in negotiations is reached.

* * *

The 1991 standard form of union agreement and all addenda in place at the commencement of this agreement shall be part of this agreement provided they do not conflict with any of the provisions of this agreement.

**STANDARD FORM OF UNION AGREEMENT**

**ARTICLE 10**

**SECTION 8**. In addition to the settlement of grievances arising out of interpretation or enforcement of this Agreement as set forth in the preceding sections of this Article, any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this Agreement shall be settled as hereinafter provided:

(a). Should the negotiations for a renewal of this Agreement of[1] negotiations regarding a wage/fringe reopener become deadlocked in the opinion of the Union representative(s) or of the Employer ('s) representative(s), or both, notice to that effect shall be given to the National Joint Adjustment Board.

\* \* \*

The dispute shall be submitted to the National Joint Adjustment Board pursuant to the rules as established and modified from time to time by the National Joint Adjustment Board. The unanimous decision of said Board shall be final and binding upon the parties, reduced to writing, signed and mailed to the parties as soon as possible after the decision has been reached. There shall be no cessation of work by strike or lockout unless and until said Board fails to reach a unanimous decision and the parties have received written notification of its failure.

\* \* \*

(d). Unless a different date is agreed upon mutually between the parties or is directed by unanimous decision of the National Joint Adjustment Board, all effective dates in the new agreement shall be retroactive to the date following the expiration date of the expiring agreement.

The parties attempted to negotiate terms of a new collective bargaining agreement prior to and after the June 30, 2004, expiration date. As part of the negotiations, the parties agreed that any new agreement would eliminate the provisions of Article 10, Section 8, of the original CBA. However, the negotiations were ultimately unsuccessful and Law Fabrication declared an impasse in the negotiations on September 8, 2004. In response,

---

[1] Local 15 asserts that "of" is a typographical error and that it should read "or." Law Fabrication maintains that it must be read as "of" and that this language creates an ambiguity in the CBA. The Court agrees with the Local 15 that the sentence is incoherent as written. However, the Court finds that this dispute does not alter the Court's decision below because when read together, in their entirety, the "Effective Date and Duration" clause and Article 10, Section 8, are not ambiguous.

Local 15 notified Law Fabrication that it was submitting the dispute to the National Joint Adjustment Board ("NJAB") in accordance with the procedures of Article 10, Section 8.

On March 31, 2005, Law Fabrication filed the present action seeking a declaratory judgment regarding the termination of the CBA. On June 6, 2005, Local 15 initiated an arbitration action before the NJAB. Since the impasse, the parties have continued to honor the terms of the CBA.

On June 21, 2005, Law Fabrication filed an emergency motion for restraining order asking the Court to enjoin the NJAB's hearing scheduled for June 27, 2005. The Court granted Law Fabrication's motion on June 22, 2005. On June 27, 2005, Local 15 filed a motion to quash the temporary restraining order. The Court granted Local 15's motion on June 29, 2005, and vacated the temporary restraining order.

The NJAB conducted a hearing and issued its decision in the matter on September 15, 2005. Although it received notice of the hearing and was afforded the opportunity to appear and testify in the matter, Law Fabrication did not appear before the NJAB. The NJAB's unanimous decision created a new collective bargaining agreement with the effective dates of July 1, 2004 through June 30, 2010.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Law Fabrication asserts in its Complaint that this Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1132(a) and 1132(e).  Local 15 has moved to dismiss the Complaint on the grounds that this Court lacks subject matter jurisdiction over the Complaint.  Local 15 asserts that neither Section 301 of the LMRA or Section 502 of ERISA provide this Court with jurisdiction.

**A.    Section 301 of the LMRA**

Section 301(a) of the LMRA provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Local 15 argues that this is not a suit for violation of a contract because Law Fabrication does not allege a breach or violation of the CBA.  Local 15 asserts that Law Fabrication is simply asking the Court to declare the CBA void.

The Supreme Court addressed the interpretation of Section 301(a) in <u>Textron Lycoming Reciprocating Engine Division, Avco, Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America, Int'l Union</u>, 523 U.S. 653 (1998).  In <u>Textron</u>, the union filed suit seeking "a declaratory judgment that the existing collective bargaining agreement between the parties is voidable at the option of [the] UAW." <u>Id</u>. at 655.  The union alleged that Textron had fraudulently induced them into entering the collective bargaining agreement.  <u>Id</u>.  The union did not allege that either it or Textron ever violated the terms of the collective bargaining agreement.  <u>Id</u>.

The Supreme Court found that there was no subject matter jurisdiction over the union's lawsuit. The Court held that "'[s]uits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." Id. at 657. The Court also noted that both parties were in absolute compliance with the terms of the collective bargaining agreement. Id. at 658.

Law Fabrication argues that Textron actually supports their assertion that this Court has subject matter jurisdiction over this case. Specifically, Law Fabrication cites the Supreme Court's dicta in Textron noting that "a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid." Id. at 658.

Although it is a close call, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims under Section 301. Law Fabrication has not alleged that there has been a violation of the CBA, rather they are just asking this Court to rule on the validity of the agreement.

Moreover, this case doesn't fit into Textron's exception cited by Plaintiff. Law Fabricaton has not been alleged that Local 15 has accused it of violating the CBA. Although the Supreme Court recognized certain limited circumstances where a federal court would have subject matter jurisdiction, the Court stressed that "the federal court's power to

adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'" Id. at 658.[2]

**B.    ERISA**

The Court also lacks subject matter jurisdiction over this claim pursuant to 29 U.S.C. §§ 1132(a) or (e). Law Fabrication, as an employer, is not empowered to bring a civil action under either one of these provisions. See 29 U.S.C. §§ 1132(a) and (e). Accordingly, this Court lacks subject matter jurisdiction over this action and the case must be dismissed.[3]

## SUMMARY JUDGMENT

If it were found on appeal that this Court had subject matter jurisdiction over this action, the Court would find that Local 15 is entitled to summary judgment. Both sides have submitted motions for summary judgment on the issue of the termination of the CBA.[4]

---

[2] The Court respectfully disagrees with the Seventh Circuit Court of Appeals' holding in J.W. Peters, Inc. v. Bridge, Structural and Reinforcing Iron Workers, Local Union 1, AFL-CIO, 398 F.3d 967 (7th Cir. 2005), that filing a declaratory judgment action seeking a determination that the collective bargain agreement was repudiated and no longer in effect constitutes a suit for violation of a contract.

[3] The Court rejects Plaintiff's contention that the Defendant's counterclaim establishes federal question jurisdiction. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 83-31 (2002)(well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's federal question jurisdiction).

[4] See Plaintiff's Motion for Summary Judgment with Incorporated Memorandum of Law (Dkt. # 24); Plaintiff's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment (Dkt. # 36); Defendant's Cross-Motion for Summary Judgment and Incorporated Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment (Dkt. # 39), and Plaintiff's Response to Defendant's Cross-Motion for Summary Judgment (Dkt. # 45).

The gist of Law Fabrication's argument is that the plain language of the "Effective Date & Duration" clause provides that the CBA shall "remain in full force and effect until the last day of June 30, 2004 and shall continue in force from year to year thereafter unless written notice of termination is given not less than ninety (90) days prior to the expiration date. In the event such notice of termination is served, this Agreement shall continue in force and effect until an impasse in negotiations is reached." Law Fabrication's argument is that the CBA terminates once an impasse in negotiations is reached. Law Fabrication asserts that the CBA terminated when it declared an impasse in negotiations on September 8, 2004. Plaintiff argues that the arbitration provision of Article 10, Section 8 is inapplicable because it conflicts with the "Effective Date & Duration" clause of the CBA. Finally, Law Fabrication asserts that Article 10, Section 8, cannot apply to the CBA under the doctrine of *contra proferentum*, and that it would be unconscionable to allow the NJAB to impose a new CBA upon the parties.

The Court disagrees with Law Fabrication's position. The Court finds that the CBA between Law Fabrication and Local 15 provided for interest arbitration. The language contained in the "Effective Date & Duration" portion of the CBA providing that the CBA terminated upon an impasse in the negotiations does not conflict with the interest arbitration provision contained in Article 10, Section 8. The September 8, 2004, impasse in negotiations had the effect of terminating the original CBA. At that point, the parties' previously vested obligation to engage in interest arbitration regarding a *new* collective bargaining agreement before the NJAB commenced. Having entered into the CBA, Law Fabrication could not

unilaterally withdraw from its responsibilities to engage in the interest arbitration. Sheet Metal Workers Local 57 Welfare Fund v. Tampa Sheet Metal Co., Inc., 786 F.2d 1459, 1461 (11th Cir. 1986).[5]

The Court also finds that the terms of the CBA are not ambiguous or unconscionable. When read together, the "Effective Date & Duration" clause and Article 10, Section 8, are not ambiguous. One clause deals with the termination of the original CBA while the second establishes the procedure for a new collective bargaining agreement.[6] Interest arbitration provisions are common in collective bargaining agreements between unions and employers. See Local Union No. 666, 225 F.3d at 422-23 (collecting cases). Finally, "[p]arties to collective bargaining agreements are conclusively presumed to have equal bargaining power, and union agents have no duty to explain to employers the terms, conditions, or consequences of a collective bargaining agreement." Employers' Painting Trust v. J & B Finishes, 77 F.3d 1188, 1192 (9th Cir. 1996).[7]

---

[5] The obligation to engage in interest arbitration was created when the original CBA was executed. See Local Union No. 666, IBEW v. Stokes Electrical Service, 225 F.3d 415, 425 (4th Cir. 2000); Sheet Metal Workers Local 54 v. E.F. Etie Sheet Metal Co., 1 F.3d 1464, 1474-75 (5th Cir. 1993).

[6] Moreover, some courts have held that the doctrine of *contra preferentem* is not rigidly applied to collective bargaining agreements. See Eley v. Boeing Co., 945 F.2d 276, 280 (9th Cir. 1996)(*contra preferentem* does not automatically or universally apply to collective bargaining agreements); NLRB v. L.B. Priester & Son, Inc., 669 F.2d 355, 364 (5th Cir. 1982) ("Priester further contends in any event that the provision should have been construed against the union because of evidence that the union committed the oral agreement to writing. Collective bargaining agreements, however, are not rigidly governed by the same old common-law concepts, which control private contracts.").

[7] The Court finds that the issue of the timeliness of Local 15's submission to the NJAB is
(continued...)

## ATTORNEY'S FEES

Local 15 has moved for an award of attorney's fees and costs incurred in vacating this Court's June 22, 2005, temporary restraining order pursuant to the anti-injunction provisions of the Norris-Laguardia Act (the "Act"), 29 U.S.C. § 107. The Norris-Laguardia Act provides that no United States court shall have jurisdiction to issue a temporary injunction in a case involving or growing out of a labor dispute except in strict conformity with the provisions of the Act. 29 U.S.C. § 101. Section 107 of the Act requires the filing of a bond to compensate those enjoined for "any loss, expense, or damage caused by the improvident or erroneous issuance of [a temporary restraining] order or injunction, including all reasonable costs (together with reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court."

Law Fabrication argues that Local 15 is not entitled to attorney's fees and costs because the Norris-Laguardia Act does not apply to this case. The term "labor dispute" is defined to include "any controversy concerning terms or conditions of employment." 29 U.S.C. 113(c). The Court finds that the dispute between the parties over a future collective bargaining agreement falls within the definition of "labor dispute" under the Act. See Triangle Const. & Maintenance Corp., No. 04-13234, 2005 WL 2217043, *4-6 (11th Cir.

---

[7](...continued)
a question for the arbitrator and not the Court. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002); Triangle Const. & Maintenance Corp. v. Our Virgin Islands Labor Union, No. 04-13234, 2004 WL 2217043, *12 n. 15 (11th Cir. Sept. 14, 2005); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1109 (11th Cir. 2004).

Sept. 14, 2005) Marine Transport Lines, Inc. v. Int'l Org. of Masters, Mates and Pilots, 770 F.2d 1526 (11th Cir. 1985). Resolution of the dispute will determine whether Law Fabrication's employees will be covered by the terms and conditions of a union contract.

Law Fabrication also argues that the Act does not apply to stays of arbitration. In support of its position, Law Fabrication cites two Southern District of New York cases. See General Contractors Ass'n of New York, Inc. v. Local No. 46, Metallic Lathers Union and Reinforcing Iron Workers New York and Vincinity, No. 89 Civ. 7755(JFK), 1990 WL 33584 (S.D.N.Y. March 23, 1990); Umeko, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers Union, 484 F.Supp. 210 (S.D.N.Y. 1980). However, the Eleventh Circuit Court of Appeals recently held that the Act's prohibition on injunctions extends to arbitration proceedings. Triangle Const., 2005 WL 2217043 at * 4-11.

Finally, Law Fabrication asserts that this Court's temporary restraining order staying arbitration was not "improvident or erroneous." The Court disagrees. At the time the Court granted Law Fabrication's motion for a temporary restraining order, binding Eleventh Circuit precedent held that participating in an arbitration proceeding did not constitute irreparable harm. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 112 n.20 (11th Cir. 2004); see also Triangle Const., 2005 WL 2217043 at * 6. Local 15's Motion to Quash Temporary Restraining Order (Dkt. # 23) required the Court to reconsider its previous ruling, and the Court recognized its error in issuing the temporary restraining order.

Accordingly, the Court finds that Local 15 is entitled to recover its attorney's fees and costs incurred in quashing the Court's June 22, 2005 Order granting Law Fabrication's motion for temporary restraining order.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Local 15 of the Sheet Metal Workers International Association, AFL-CIO's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 17) is GRANTED.

2. Local 15's Motion for an Award of Fees and Costs and Enlargement of Time to File Affidavits and Other Documents in Support of its Request (Dkt. # 31) is GRANTED.

3. Local 15 shall file documents supporting the amount of fees and costs to be awarded within twenty (20) days of the date of this Order. These documents shall include Local 15's attorneys' time records.

4. The Clerk is directed to close this case and terminate all pending motions.

5. The Court shall retain jurisdiction to determine the specific amount of attorney's fees Local 15 is entitled to pursuant to this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2005.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-638.mtd.wpd